


UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

X ★ MAR 03 2009 ★

STUART M. KAMEN, individually and on behalf of all others similarly situated,

LONG ISLAND OFFICE

Plaintiff,

CV-09 892

**COMPLAINT**
**Case Number:**
**~~Jury~~ Demanded**

WEXLER, J.

-against-

STEVEN J. BAUM, P.C., (SJ)

TOMLINSON, M

Defendant.

X

Plaintiff, by his attorney, BARRY A. KAMEN PLLC, alleges:

**INTRODUCTION**

1. This is an action pursuant to the Fair Debt Collection Practices Act ["FDCPA"], 15 U.S.C. Section 1692 et seq.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k (d).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to this claim occurred in the County of Suffolk and State of New York.

## PARTIES

4. Plaintiff is a United States citizen and a resident of Suffolk County, New York and a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Upon information and belief, defendant Steven J. Baum, P.C. is a legal professional corporation incorporated under the laws of the State of New York and has its principal place of business at 220 Northpointe Parkway, Suite G, Amherst, County of Erie, New York.

6. Defendant is engaged in the business of collecting consumer debts and regularly collects consumer debts in New York.

7. Defendant is a "debt collector" as defined in 15 U.S.C. §1692a(6).

## FACTS COMMON TO THE COUNT

8. On or about March 6, 2008, as appears from the postmark on the envelope, defendant mailed plaintiff a letter dated March 4, 2008 [the "letter"], which the plaintiff received on March 11, 2008. Copies of the letter and the envelope are annexed as Exhibits "A" and "B," respectively.

9. The letter was an attempt by the defendant to collect a debt on behalf of its client, Indymac Bank, F.S.B. [the "client"], and contained the debt-validation notice required under 15 U.S.C. §1692g.

10. On March 6, 2008, the defendant commenced a foreclosure case in

the name of its client, as plaintiff, against the plaintiff, as the defendant, in the Supreme Court of the State of New York, County of Suffolk [the "foreclosure case"] by filing in the Suffolk County Clerk's Office a summons dated March 4, 2008, and a complaint verified March 4, 2008. Copies of the summons and the complaint are annexed as Exhibit "C."

11. On March 6, 2008, the defendant filed a notice of pendency in the foreclosure case in the Suffolk County Clerk's Office, giving constructive notice of the existence of the defendant's client's claim. A copy of the notice of pendency is annexed as Exhibit "D."

12. On March 10, 2008, the defendant's process server left the summons and the complaint in the foreclosure case at the plaintiff's house with a person of suitable age and discretion.

13. The summons and the notice of pendency, each of which is a communication as defined in 15. U.S.C. § 1692a(2), did not contain the debt validation notice required under 15 U.S.C. §1692g(a) if either were an initial communication, and the summons and the notice of pendency also lacked any disclosure that "the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose" if either were an initial communication or that "the communication is from a debt collector" if either

were a subsequent communication as required by 15 U.S.C. § 1692e(11).

14. While, under 15 U.S.C. § 1692g (d), "[a] communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a) of this section," neither the summons nor the notice of pendency is a formal legal pleading in connection with a legal action.

15. A summons is not "a formal pleading made in connection with a legal action," for it is not an enumerated pleading under CPLR § 3011 or under Federal Rules of Civil Procedure, Rule 7 which excludes a summons from the definition of "pleadings."

16. Similarly, a notice of pendency is not an enumerated legal pleading under the New York State Civil Procedure Law and Rules or the Federal Rules of Civil Procedure.

17. The New York State Court granted the defendant's motion for summary judgment in the foreclosure case by an order dated November 17, 2008, a copy of which is annexed as Exhibit "E," and the plaintiff has taken, but not yet perfected, an appeal from this order, and still has time to perfect.

18. As a result of defendant's commencement of the foreclosure case against the plaintiff, the plaintiff has incurred actual damages and sustained

emotional distress.

## CLASS ALLEGATIONS

19. Plaintiff brings this action non behalf of himself and behalf of all other members of the Class. ["Class"].

20. Plaintiff provisionally defines the Class as:

> All individuals who, during the one year prior to the filing of this complaint, were sent letters similar to Exhibit "A" from the defendant as attorney for a creditor client, and who were on or about the same date or sometime thereafter named as a party defendant in a foreclosure action commenced by the defendant as attorney for a creditor client against them in the New York State courts, and who, in such foreclosure action, had a notice of pendency similar to Exhibit "D" filed in the office of the clerk of the county where their real property affected is situated, and who were served in such foreclosure action with a summons and a complaint similar to Exhibit "C" by a process server of the defendant.

21. Plaintiff may subsequently refine the aforesaid class definition after discovery.

22. This action has been brought and may properly be maintained as a Class action under Rule 23(a)(1)-(4) and Rule 23(b)(1)-(3) of the Federal Rules of Civil Procedure.

23. The Class is so numerous that joinder of all members is impractical.

24. Upon information and belief, letters, notices of pendency, summonses and complaints similar to Exhibits "A," "C," and "D" have been

sent to thousands of consumers.

25. The exact size of the Class is unknown to the plaintiff but that information is in the exclusive control of the defendant.

26. There are questions of law and fact common to the class, which outweigh any questions affecting only individual Class members.

27. The main question is whether any of the following conduct by the defendant violates the Fair Debt Collection Practices Act : [x] failing to give in its initial communication (other than in the form of a formal pleading in a civil action) a proper debt-validation notice with the consumer in connection with the debt's collection, [y] using false, deceptive, or misleading representation or means in collection with the debt by failing to disclose in the initial written communication with the consumer (other than in a formal pleading made in connection with a legal action) that the debt collector is attempting to collect a debt and that any information obtained will be used for that purposes, or [z] failing to disclose in subsequent communications (other than in a formal pleading made in connection with a legal action) that the communication is from a debt collector.

28. There are no individual questions other than whether a Class member received the debt letter in the mail before either [1] the defendant

filed the notice of pendency in a foreclosure action with the County Clerk's Office or [2] the defendant's process server delivered a summons and a complaint in a foreclosure action to the Class member's house, both of which can be determined by ministerial inspection of defendant's records.

29. Plaintiff will fairly and adequately protect the interests of the Class.

30. The plaintiff is committed to zealously litigating this case, is profoundly piqued at being the victim of the defendant's illegal practices and desires to see that the wrong is remedied.

31. To that end, the plaintiff has retained counsel who has over three decades of experience litigating civil and criminal cases at the trial and appellate levels.

32. Neither plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this claim.

33. Plaintiff's claims are typical of the claims of the class, which all arise from the same operative facts and are based on the same legal theories.

34. A class action is superior to other available means for the fair and efficient adjudication of this dispute for the following reasons:

1. Each individual Class member's damages will probably be relatively small, especially given the burden and expense of

individual prosecution of the litigation, making it virtually impossible for the Class members to individually redress effectively the wrongs suffered by them.

2. Even if the Class members could each afford such individual litigation, the judicial system could not afford such costs since individualized litigations present a potential for inconsistent judgments, increase the delay and expenses to all parties and the judicial system while the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale and comprehensive supervision by one court.

3. Also, administration of this Class claim is likely to present significantly fewer difficulties than those presented in many class claims, such as securities fraud.

35. A class action for a debt collector's violations of the Fair Debt Collection Practice Act is statutorily authorized by 15 U.S.C. §1692k.

**COUNT I**

**[Fair Debt Collection Act Violation 15 U.S.C. § 1692]**

36. The plaintiff repeats and reiterates paragraphs "1" through "35" of

this complaint.

37. The defendant violated 15 U.S.C. § 1692g by not disclosing to the plaintiff and other Class members in the initial communication the debt-validation notice requirements.

38. The defendant violated 15 U.S.C. § 1692e(11) by failing to disclose in the initial written communication ( other than a communication in the form of a formal pleading in a civil action or a formal pleading made in connection with a legal action) with the plaintiff and other Class members that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and by failing to disclose in subsequent communications with the plaintiff and other Class members (other than a formal pleading made in connection with a legal action) that the communication is from a debt collector.

39.The plaintiff seeks only statutory damages against the defendant on his behalf and on behalf of all similarly situated individuals as provided by 15 U.S. C. Section 1692k.

40. Plaintiff seeks the costs of this action together with his reasonable attorney's fees as provided by 15 U.S. C. § 1692k.

**DEMAND FOR JURY TRIAL**

41. Plaintiff demands a trial by jury of the count in this case.

**WHEREFORE**, the plaintiff, individually and on behalf of the other members of the Class, demands judgment against the defendant as follows:

1. An order certifying that this action is properly brought and may be maintained as a class action under Federal Rules of Civil Procedure Rule 23, that plaintiff be appointed as Class representative, and plaintiff's counsel be appointed Class Counsel.

2. The conduct of defendant in false or misleading representations be adjudged and decreed to be violations of the Fair Debt Collection Practices Act.

3. A judgment in favor of the plaintiff and each member of the Class he represents in an amount that is reasonable to compensate them for their damages, statutory damages and reasonable attorney's fees as determined by this Court pursuant to 15 U.S.C. § 1692k.

4. An order permanently enjoining defendant from continuing those collection activities set forth herein which are alleged to be in violation of the Fair Debt Collection Practices Act.

5. The costs and disbursements of this case.

6. And such other and further relief to which Plaintiff may be justly

entitled.

Dated: March 3,2009

BARRY A. KAMEN, PLLC

By:________________________________

BARRY A. KAMEN bk9111
Attorney for Plaintiff
Office & P.O. Address
26 Hallock Meadow Drive
Stony Brook, New York 11790
Email: banqueesq@aol.com
(631) 444-5200 Fax (631) 444-5534

Exhibit A

Mailing Address
P.O. Box 1291
Buffalo, NY 14240-1291

OvernightMail
220 Northpointe Parkway
Suite G
Amherst, NY 14228



STEVEN J. BAUM, P.C.
ATTORNEYS AT LAW

Phone Number
716-204-2400

Fax Number
716-204-4600

Web Site
WWW.MBAUM.COM

March 4, 2008

**PERSONAL AND CONFIDENTIAL**

STUART M. KAMEN
45 HICKORY STREET
PORT JEFFERSON STATION, NY 11776

Creditor: INDYMAC Bank FSB
Property: 45 HICKORY STREET, PORT JEFFERSON STATION, NY 11776
Loan #: 1003387337

Dear Mr. STUART M. KAMEN:

This office represents the above named creditor. Please be advised that a claim in the amount of $109,072.20 calculated through today, has been referred to us for appropriate action, such as a mortgage foreclosure proceeding. That sum might not include payments recently sent to the creditor.

As of the date of this letter, **unless you have received a discharge in bankruptcy**, you owe $109,072.20, comprised of the following:

| | |
|---|---|
| Principal Amount | $105,634.92 |
| Interest at 4.625% from 10/01/2007 up to and including 03/04/2008 (156 days) at $13.39 / day | $2,088.10 |
| Late charges through 03/04/2008 | $41.66 |
| Escrow Items advanced on your behalf | $1,307.52 |
| TOTAL | $109,072.20 |

Because of interest, late charges, property tax advances, property insurance advances, inspection fees and other charges that may vary from day to day, the amount due on the date payment is made may be greater. Hence, if the amount shown above is paid, an adjustment may be necessary after payment is received, in which event we will inform you before depositing the payment.

For further information, call our office at 716-204-2400 or 716-204-9400. If you are actively engaged in military service, or have been activated from reserve status, it is important that you contact us.

Unless you notify us within thirty days after receipt of this letter that you dispute the validity of this debt, or any portion thereof, the debt will be assumed by us to be valid. If you notify us in writing within the thirty-day period that the debt or any portion thereof is disputed, we will obtain verification of the debt or a copy of a judgment against you, if any, and we will mail you a copy of such verification or judgment. Upon your written request within the thirty-day period, we will provide you with the name and address of the original creditor, if different from the current creditor.

**PURSUANT TO FEDERAL LAW, THIS OFFICE IS A DEBT COLLECTOR. WE ARE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Very truly yours,

STEVEN J. BAUM, P.C.

By: Adam L. Gross, Esq.

Exhibit B



Steven J. Baum, P.C.
220 Northpointe Parkway,
Suite G
Amherst, New York 14228

neopost

$00.41

03/06/2008

Mailed From 142

US POSTAGE

11776+2115

Exhibit C

STATE OF NEW YORK
SUPREME COURT: COUNTY OF SUFFOLK

---------------------------------------------------------------X

INDYMAC BANK, F.S.B.
155 North Lake Avenue
Pasadena, CA 91101

Plaintiff,

vs.

STUART M. KAMEN, BANK OF AMERICA, N.A. SUCCESSOR BY MERGER TO FLEET NATIONAL BANK, JPMORGAN CHASE BANK, N.A.,

JOHN DOE (Said name being fictitious, it being the intention of Plaintiff to designate any and all occupants of premises being foreclosed herein, and any parties, corporations or entities, if any, having or claiming an interest or lien upon the mortgaged premises.)

Defendant(s).

---------------------------------------------------------------X

**SUMMONS**

ORIGINAL FILED WITH THE CLERK ON 3/4/08

INDEX NO.: 8944/08

Mortgaged Premises:
45 HICKORY STREET
PORT JEFFERSON STATION, NY 11776

SBL #:
208-2-1.001

TO THE ABOVE NAMED DEFENDANTS:

YOU ARE HEREBY SUMMONED to answer the Complaint in the above captioned action and to serve a copy of your Answer on the Plaintiff's attorney within twenty (20) days after the service of this Summons, exclusive of the day of service, or within thirty (30) days after completion of service where service is made in any other manner than by personal delivery within the State. The United States of America, if designated as a Defendant in this action, may answer or appear within sixty (60) days of service hereof. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

## NOTICE
## YOU ARE IN DANGER OF LOSING YOUR HOME

**If you do not respond to this summons and complaint by serving a copy of the answer on the attorney for the mortgage company who filed this foreclosure proceeding against you and filing the answer with the court, a default judgment may be entered and you can lose your home.**

**Speak to an attorney or go to the court where your case is pending for further information on how to answer the summons and protect your property.**

**<u>Sending a payment to your mortgage company will not stop this foreclosure action.</u>**

**<u>YOU MUST RESPOND BY SERVING A COPY OF THE ANSWER ON THE ATTORNEY FOR THE PLAINTIFF (MORTGAGE COMPANY) AND FILING THE ANSWER WITH THE COURT.</u>**

SUFFOLK County is designated as the place of trial. The basis of venue is the location of the mortgaged premises foreclosed herein.

DATED: March 4, 2008

**Steven J. Baum, P.C.**
**Attorneys for Plaintiff**
**220 Northpointe Parkway Suite G**
**Amherst, NY 14228**
**Tel.: 716-204-2400**

STATE OF NEW YORK
SUPREME COURT: COUNTY OF SUFFOLK

INDYMAC BANK, F.S.B.
155 North Lake Avenue
Pasadena, CA 91101

Plaintiff,

vs.

STUART M. KAMEN, BANK OF AMERICA, N.A. SUCCESSOR BY MERGER TO FLEET NATIONAL BANK, JPMORGAN CHASE BANK, N.A.,

JOHN DOE (Said name being fictitious, it being the intention of Plaintiff to designate any and all occupants of premises being foreclosed herein, and any parties, corporations or entities, if any, having or claiming an interest or lien upon the mortgaged premises.)

Defendant(s).

**COMPLAINT**

INDEX NO.: 8944/08

Mortgaged Premises:
45 HICKORY STREET
PORT JEFFERSON STATION,
NY 11776

SBL #:
208-2-1.001

The Plaintiff by its attorneys, Steven J. Baum, P.C., for its complaint against the Defendant(s) alleges upon information and belief as follows:

FIRST: Plaintiff is a banking corporation duly organized and existing under and by virtue of the laws of the State of Delaware, and the holder of a note and mortgage being foreclosed.

SECOND: On or about the 11th day of June, 2003, STUART M. KAMEN duly executed and delivered a note whereby STUART M. KAMEN promised to pay the sum of $135,000.00 with interest on the unpaid balance of the debt.

THIRD: That as security for the payment of said note STUART M. KAMEN duly executed and delivered a mortgage in the amount of $135,000.00 which mortgage was recorded as follows and mortgage tax paid thereon:

Recording Date: August 2, 2003
Book/Page: 20461/285
County (or City Register of): SUFFOLK

FOURTH: The mortgaged premises are commonly known as 45 HICKORY STREET, PORT JEFFERSON STATION, NY 11776 and more fully described in "Schedule A" attached to this complaint. The tax map designation is known as all or part of SBL: 208-2-1.001.

FIFTH: That the Defendant(s) STUART M. KAMEN so named, has/have failed to comply with the conditions of the mortgage and note by failing to pay principal and interest and/or taxes, assessments, water rates, insurance premiums, escrow and/or other charges that came due and payable on the 1st day of November, 2007 as more fully set forth below. Accordingly, Plaintiff elects to call due the entire amount secured by the mortgage.

SIXTH: There is now due and owing on said mortgage the following amounts:

Principal balance: $105,634.92
Interest Rate: 4.625%
Date interest accrues from: October 1, 2007
Escrow advances: $1,307.52
Late charges: $41.66

Together with monies advanced for taxes, insurance, maintenance of premises and the costs, allowances and reasonable attorney's fees if permitted by the mortgage.

SEVENTH: In order to protect its security interest the Plaintiff or its agent has paid or may be compelled to pay during the pendency of this action, taxes, assessments, water rates, insurance premiums and other charges affecting the mortgaged premises. Plaintiff requests that any sums it or its agent has paid, together with interest, be included in the sum otherwise due as provided for and secured by the mortgage.

EIGHTH: Upon information and belief all the defendants herein have or claim to have some interest in or lien upon said mortgaged premises or some part thereof which interest or lien, if any, has accrued subsequent to the lien of Plaintiff's mortgage, or has been paid or equitably subordinated to Plaintiff's mortgage, or has been duly subordinated thereto. The reason for naming said defendants is set forth in "Schedule B" that is attached to this complaint.

NINTH: The reason for naming any governmental agency or instrumentalities of the Federal, State or local government (however designated), is set forth in "Schedule C" that is attached to this complaint.

TENTH: Upon information and belief the defendant(s) "John Doe" are occupants of the premises being foreclosed, or may be any persons, corporations or entities who claim, or may claim, a lien or other interest against the premises.

ELEVENTH: If applicable, the mortgage originated in compliance with Banking Law Sections 595-a and 6-1.

TWELFTH: Plaintiff requests that in the event this action proceeds to judgment of foreclosure and sale, said premises be sold subject to: any state of facts an inspection of the premises would disclose or an accurate survey of the premises would show; covenants, restrictions, easements and public utility agreements of record, if any; building and zoning ordinances and possible violations of the same; any rights of tenants or persons in possession of the premises; any equity of redemption of the United States of America to redeem the premises within 120 days; prior mortgages and liens, if any. If the mortgage secures more than one parcel, Plaintiff requests the judgment of foreclosure provide for the sale of the parcels in a particular order to the extent necessary to satisfy the indebtedness.

THIRTEENTH: There are no other actions or pending proceedings at law to collect or enforce the note and mortgage.

WHEREFORE, PLAINTIFF DEMANDS JUDGMENT:

1. Adjudging and decreeing the amounts due the Plaintiff for principal, interest, costs, late charges, expenses of sale, allowances and disbursements, reasonable attorney's fees if provided for in the mortgage and any monies advanced and paid which are secured by the mortgage.
2. That the defendants and all persons claiming by, through or under them and every other person or entity whose right, title, conveyance or encumbrance is subsequent to or subsequently recorded, or whose lien is being challenged by being a defendant in this action, be barred and foreclosed of and from all right, claim, lien, interest or equity of redemption in and to said mortgaged premises.

3. That the said mortgaged premises, or such part thereof as may be necessary to raise the amounts due as aforesaid, be decreed to be sold according to law subject to the provisions of paragraph "TWELFTH" of this complaint.
4. That out of the monies arising from the sale thereof, the Plaintiff may be paid the amounts due on said note and mortgage, plus those items referenced in paragraph 1, above, together with any sums expended as aforesaid, with interest as allowed by law upon any advances from the dates of the respective payments, so far as the amount of such money properly applicable thereto will pay the same.
5. That either or any of the parties to this action may become a purchaser upon such sale.
6. That this court, if requested, forthwith appoint a receiver of the rents and profits of said premises with the usual powers and duties.
7. That the defendants referred to in paragraph "FIFTH" of this complaint and any original or subsequent obligors so named in this action, may be adjudged to pay any deficiency that may remain after applying all of said monies so applicable thereto, unless the debt has been listed and discharged in a bankruptcy petition, or unless the Plaintiff is unable to produce a copy of the note, in which case no deficiency judgment will be sought.
8. In the event Plaintiff possesses any other liens against the premises, they shall not be merged with the same. Plaintiff specifically reserves its right to share in any surplus monies arising from the sale of the subject premises by virtue of its position as a judgment or other lien creditor, excluding the mortgage being foreclosed herein.
9. That the Plaintiff may have such other and further relief as may be just, equitable and proper.

Steven J. Baum, P.C.
Attorneys for Plaintiff
220 Northpointe Parkway Suite G
Amherst, NY 14228
Tel.: 716-204-2400

**PRIME TITLE SEARCH, LLC**

**Title No. PT-37577-08 (File No. 1003387337)**

**SCHEDULE A**
**DESCRIPTION**

**District 0200, Section 208.00, Block 02.00 and Lot 001.001**

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being at Port Jefferson, in the Town of Brookhaven, County of Suffolk and State of New York, known and designated as part of Lot No. 14 on a certain map entitled, "Amended Map of Oak Dale Farms at Port Jefferson, New York, for sale by Vernon J. Miller, F. Miller. F.A. Hawkins, Surveyor, Port Jefferson, New York" and filed in the Office of the Clerk in the County of Suffolk on September 14, 1928 as Map No. 484 and being more particularly bounded and described as follows:

BEGINNING at a point at the corner of the Easterly side of Hickory Street and the Southerly side of Westcliff Drive;

RUNNING THENCE South 83 degrees 30 minutes 00 seconds East along the Southerly side of Westcliff Drive, distant 127.55 feet;

THENCE South 06 degrees 30 minutes 00 seconds West, a distance of 100.76 feet;

THENCE North 83 degrees 30 minutes 00 seconds West, a distance of 127.55 feet to the Easterly side of Hickory Street;

THENCE North 06 degrees 30 minutes 00 seconds East along the Easterly side of Hickory Street, a distance of 100.76 feet to the point or place of BEGINNING.

**Premises known as 45 Hickory Street, Port Jefferson Station, New York**

SCHEDULE A

**Schedule B - Defendants**

| | |
|---|---|
| STUART M. KAMEN | Record owner and original mortgagor. |
| JPMORGAN CHASE BANK, N.A. | Holder of judgment(s). |
| BANK OF AMERICA, N.A. SUCCESSOR BY MERGER TO FLEET NATIONAL BANK | Holder of a mortgage. |
| JOHN DOE | Said name being fictitious, it being the intention of Plaintiff to designate any and all occupants of premises being foreclosed herein, and any parties, corporations or entities, if any, having or claiming an interest or lien upon the mortgaged premises. |

STATE OF NEW YORK)
COUNTY OF ERIE ) ss.:

MICHAEL J. WRONA, being duly sworn, deposes and says:

That your deponent is the attorney for the plaintiff, having an office at 220 Northpointe Parkway, Amherst, New York, and that he has read the foregoing Summons and Complaint and knows the contents thereof; that the same is true to his knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters your deponent believes it to be true. Deponent further states that the grounds of his belief as to all matters in the Complaint not stated to be upon his knowledge are based upon the original note, mortgage and/or financial statements, together with correspondence.

That the reason this verification is made by your deponent instead of the Plaintiff is because the Plaintiff does not reside or have an office for the conduct of business within the County of Erie, which is the County where your deponent has his office.

MICHAEL J. WRONA, ESQ.

Sworn to before me this
4 day of March, 2008

DECIA M. WALKER
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN ERIE COUNTY
My Commission Expires April 11, 2009

MICHAEL J. WRONA, AN ATTORNEY AT LAW LICENSED TO PRACTICE IN THE STATE OF NEW YORK, AND THE ATTORNEY FOR THE PLAINTIFF IN THIS ACTION HEREBY CERTIFIES THAT, TO THE BEST OF HIS KNOWLEDGE, INFORMATION AND BELIEF, FORMED AFTER AN INQUIRY REASONABLE UNDER THE CIRCUMSTANCES, THE PRESENTATION OF THIS PLEADING, AFFIDAVIT, (OR MOTION IF APPLICABLE), OR THE CONTENTIONS CONTAINED HEREIN ARE NOT FRIVOLOUS AS DEFINED IN 22 N.Y.C.R.R. 130-1.1 ( c ).

MICHAEL J. WRONA, ESQ.

STATE OF NEW YORK
SUPREME COURT: COUNTY OF SUFFOLK

-------------------------------------------------------------X

INDYMAC BANK, F.S.B.
155 North Lake Avenue
Pasadena, CA 91101

Plaintiff,

vs.

STUART M. KAMEN, et al.

Defendants.

-------------------------------------------------------------X

SUMMONS AND COMPLAINT

-------------------------------------------------------------X

STEVEN J. BAUM, P.C.
Attorneys for Plaintiff
220 Northpointe Parkway Suite G
Amherst, NY 14228
Tel.: 716-204-2400

Exhibit D

STATE OF NEW YORK
SUPREME COURT: COUNTY OF SUFFOLK

---------------------------------------------------------------X

INDYMAC BANK, F.S.B.
155 North Lake Avenue
Pasadena, CA 91101

Plaintiff,

vs.

STUART M. KAMEN, BANK OF AMERICA, N.A. SUCCESSOR BY MERGER TO FLEET NATIONAL BANK, JPMORGAN CHASE BANK, N.A.,

JOHN DOE (Said name being fictitious, it being the intention of Plaintiff to designate any and all occupants of premises being foreclosed herein, and any parties, corporations or entities, if any, having or claiming an interest or lien upon the mortgaged premises.)

Defendant(s).

---------------------------------------------------------------X

**NOTICE OF PENDENCY OF ACTION**

ORIGINAL FILED WITH THE CLERK ON __________

INDEX NO.: 08 - 8944

Mortgaged Premises:
45 HICKORY STREET
PORT JEFFERSON STATION,
NY 11776

SBL #:
208-002-...

FILED
MAR 06 2008
Judith A. Pascale
CLERK OF SUFFOLK COUNTY

NOTICE IS HEREBY GIVEN, that an action has been commenced and is now pending in the Supreme Court of SUFFOLK County upon the Complaint of the above named Plaintiff against the above named Defendant(s) for the foreclosure of a mortgage bearing date the 11th day of June, 2003 executed by STUART M. KAMEN to secure the sum of $135,000.00, and recorded at Liber 20461 of Mortgages at Page 285 in the Office of the Clerk of the County of SUFFOLK, on the 2nd day of August, 2003;

AND, NOTICE IS FURTHER GIVEN, that the mortgaged premises described in such mortgage(s) affected by the said foreclosure action, were, at the time of the commencement of this action, and at the time of the filing of this Notice, situated in the County of SUFFOLK and State of New York, and are described in "Schedule A - Legal Description" attached hereto and made a part hereof.

The Clerk of the County of SUFFOLK, is directed to index this Notice against the names of all the Defendant(s).

DATED: March 4, 2008
SBL #: 208-2-1.001

**Steven J. Baum, P.C.**
**Attorneys for Plaintiff**
**220 Northpointe Parkway Suite G**
**Amherst, NY 14228**
**Tel.: 716-204-2400**

**PRIME TITLE SEARCH, LLC**

**Title No. PT-37577-08 (File No. 1003387337)**

**SCHEDULE A**
**DESCRIPTION**

**District 0200, Section 208.00, Block 02.00 and Lot 001.001**

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being at Port Jefferson, in the Town of Brookhaven, County of Suffolk and State of New York, known and designated as part of Lot No. 14 on a certain map entitled, "Amended Map of Oak Dale Farms at Port Jefferson, New York, for sale by Vernon J. Miller, F. Miller. F.A. Hawkins, Surveyor, Port Jefferson, New York" and filed in the Office of the Clerk in the County of Suffolk on September 14, 1928 as Map No. 484 and being more particularly bounded and described as follows:

BEGINNING at a point at the corner of the Easterly side of Hickory Street and the Southerly side of Westcliff Drive;

RUNNING THENCE South 83 degrees 30 minutes 00 seconds East along the Southerly side of Westcliff Drive, distant 127.55 feet;

THENCE South 06 degrees 30 minutes 00 seconds West, a distance of 100.76 feet;

THENCE North 83 degrees 30 minutes 00 seconds West, a distance of 127.55 feet to the Easterly side of Hickory Street;

THENCE North 06 degrees 30 minutes 00 seconds East along the Easterly side of Hickory Street, a distance of 100.76 feet to the point or place of BEGINNING.

**Premises known as 45 Hickory Street, Port Jefferson Station, New York**

**SCHEDULE A**

MICHAEL J. WRONA, AN ATTORNEY AT LAW LICENSED TO PRACTICE IN THE STATE OF NEW YORK, AND THE ATTORNEY FOR THE PLAINTIFF IN THIS ACTION HEREBY CERTIFIES THAT, TO THE BEST OF HIS KNOWLEDGE, INFORMATION AND BELIEF, FORMED AFTER AN INQUIRY REASONABLE UNDER THE CIRCUMSTANCES, THE PRESENTATION OF THIS PLEADING, AFFIDAVIT, (OR MOTION IF APPLICABLE), OR THE CONTENTIONS CONTAINED HEREIN ARE NOT FRIVOLOUS AS DEFINED IN 22 N.Y.C.R.R. 130-1.1 ( c ).

MICHAEL J. WRONA, ESQ.

Exhibit E

SHORT FORM ORDER

INDEX No. 8944-2008

SUPREME COURT - STATE OF NEW YORK
I.A.S. PART XIII SUFFOLK COUNTY

PRESENT:
Hon. MELVYN TANENBAUM
Justice

MOTION #001, 002 - Mot D
R/D: 071108
S/D 101408

INDYMAC BANK, F.S.B

Plaintiff,

- against -

STUART M. KAMEN, BANK OF AMERICAN N.A., SUCCESSOR BY MERGER TO FLEET NATIONAL BANK, JPMORGAN CHASE BANK, N.A., JOHN DOE (Said names being fictitious, it being the intention of Plaintiff to designate any and all occupants of premises being foreclosed herein, and any parties, corporations or entities, if any, having or claiming an interest or lien upon the mortgaged premises.)

Defendants.

PLTF'S/PET'S ATTY:
STEVEN J. BAUM, ESQ.
P.O. BOX 1291
BUFFALO, NY 14240

DEFT'S/RESP'S ATTY:
BARRY A. KAMEN, P.C.
26 HALLOCK MEADOW DRIVE
STONY BROOK, NY 11790

FILED
2008 NOV 21 PM 1:15
JUDITH A. PASCALE
SUFFOLK COUNTY CLERK

Upon the following papers numbered 1 to 21 read on this motion for an order pursuant to ________________ Notice of Motion/Order to Show Cause and supporting papers 1-13 ; Notice of Cross Motion and supporting papers 14-17 Answering Affidavits and supporting papers 18-19 Replying Affidavits and supporting papers 20-21 Other ________; ~~(and after hearing counsel in support and opposed to the motion)~~ it is,

**ORDERED** that this motion by plaintiff INDYMAC BANK, F.S.B. ("INDYMAC") seeking an order pursuant to CPLR Section 3212 granting summary judgment striking the answer of defendant STUART M. KAMEN ("KAMEN"), amending the caption by substituting DOREEN MENERVO in place of "JOHN DOE", and appointing a referee to compute the sums due and owing to plaintiff in this mortgage foreclosure action and the cross motion by defendant "KAMEN" seeking an order pursuant to CPLR Section 3211(a)(1),(4)&(8) dismissing plaintiff's complaint are determined as follows:

Plaintiff's action seeks to foreclose a mortgage executed by defendant "KAMEN" on June 11, 2003 securing the sum of $135,000.00. Plaintiff claims that defendant has defaulted in making timely monthly mortgage payments since November 1, 2007. Plaintiff's motion seeks an order granting summary judgment against the defendant and for the appointment of a referee.

Defendant's cross motion seeks an order dismissing plaintiff's complaint claiming that the mortgagee's notice of default/demand letter was deficient since it failed to contain the information required under the terms of the mortgage and that personal service of the summons and complaint was defective since plaintiff's process server failed to complete service of the pleadings by mailing the summons and complaint to defendant's address in a properly marked envelope.

CPLR §3212(b) states that the motion for summary judgment "shall be supported by affidavit, by a copy of the pleadings and by other available proof, such as depositions and written admission." If an attorney lacks personal knowledge of the events giving rise to the cause of action or defense, his ancillary affidavit, repeating the allegations or the pleadings, without setting forth evidentiary facts, cannot support or defeat a motion by summary judgment (OLAN v. FARRELL LINES, INC., 105 AD 2d 653, 481 NYS 2d 370 (1st Dept., 1984; aff'd 64 NY 2d 1092, 489 NYS 2d 884 (1985); SPEARMAN v. TIMES SQUARE STORES CORP., 96 AD 2d 552, 465 NYS 2d 230 (2nd Dept., 1983); Weinstein-Korn-Miller, NEW YORK CIVIL PRACTICE Sec. 3212.09)). Moreover, it is well settled that a party opposing a motion for summary judgment must assemble, lay bare and reveal his proof in order to establish that the matters set forth in his pleadings are real and capable of being established (CASTRO v. LIBERTY BUS CO., 79 AD 2d 1014, 435 NYS 2d 340 (2nd Dept., 1981).

Plaintiff has submitted evidence to show that the notice of acceleration/demand notice was served on the defendant and contained sufficient information to reasonably notify the defendant of plaintiff's intent to accelerate the mortgage. Moreover there is no relevant, credible, admissible evidence submitted to support defendant's claim that service of the summons and complaint by mailing after personal delivery was defective and did not comply with the requirements of CPLR Section 308. The submission of an affidavit claiming that postage was insufficient for the envelope to contain a summons and complaint provides an insufficient basis to defeat the affidavit of plaintiff's process server confirming that service of the pleadings was made. Under these circumstances defendant's cross motion to dismiss plaintiff's complaint must be denied.

Plaintiff has submitted sufficient proof to establish that "INDYMAC" retains capacity to maintain this mortgage foreclosure action and to show that defendant has defaulted in making timely monthly mortgage payments due under the mortgage since November 1, 2007. Plaintiff's motion for an order pursuant to CPLR Section 3212 must therefore be granted. Accordingly it is

**ORDERED** that defendant's cross motion for an order pursuant to CPLR Section 3211 (a)(1)(5)&(8)is denied, and it is further

**ORDERED** that plaintiff's motion for an order pursuant to CPLR Section 3212 & RPAPL Section 1321 is granted. The proposed order of reference has been signed.

Dated: November 17, 2008

MELVYN TANENBAUM

J.S.C.